


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TIANJIN ZHENHUA INTERNATIONAL LOGISTICS
TRANS CO. LTD.,

                Plaintiff,

- against -

EURASIAN SUPPLY GROUP LIMITED
a/k/a EURASIAN SUPPLY GROUP,

                Defendant.
------------------------------------------------------------X

## VERIFIED COMPLAINT

    Plaintiff, TIANJIN ZHENHUA INTERNATIONAL LOGISTICS TRANS CO. LTD., (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, EURASIAN SUPPLY GROUP LIMITED a/k/a EURASIAN SUPPLY GROUP ("Defendant"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

    2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of laws of the People's Republic of China.

3.      Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the Special Administrative Region of Hong Kong in the People's Republic of China.

## COUNT I

4-6.    Paragraphs One through Three are hereby incorporated as Paragraphs Four through Six and made part hereof as if fully set forth at length herein.

7.      At all material times to this dispute, Plaintiff was the disponent owner of the Vessel "HAINA A."

8.      Pursuant to a charter party dated September 6, 2007 ("September 6th Charter Party") Plaintiff chartered the "HANIA A" to Defendant for the transport of cargo from Xingang, China to Turkey. *See September 6th Charter Party annexed hereto as Exhibit "1."*

9.      In accordance with the September 6th Charter Party, the "HAINA A" arrived at the designated discharge port on November 25, 2007.

10.     However, the cargo receivers at the discharge port refused to discharge the goods due to some alleged issues regarding the quality of the cargo.

11.     After some negotiation, the cargo was ultimately discharged on November 30, 2007.

12.     As a result of the above, the ship remained on detention for four days, five hours and thirty minutes.

13.     The September 6th Charter Party provides the following: "DETENTION TO BE PAID BY CHARTS LATEST WIN 15 DAYS…"

14.     However, despite due demand, Defendant has failed to pay the detention due and owing to Plaintiff under the September 6th Charter Party.

15. As a result of Defendant's failure to pay detention in breach of the September 6th Charter Party, Plaintiff suffered damages in the approximate amount of $148,505.00, exclusive of interest, arbitration costs and attorneys fees. *See invoice annexed hereto as Exhibit "2."*

16. In accordance with the September 6th Charter Party, disputes between the parties are to be submitted to arbitration in Hong Kong with English law to apply.

17. Plaintiff will commence arbitration after the commencement of this action and jurisdiction is obtained over Defendant.

18. This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

19. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---:|
| A. | Principal claim – | $148,505.00 |
| B. | Estimated interest on claim - 3 years at 6% compounded quarterly: | $ 29,050.28 |
| C. | Estimated arbitration costs: | $ 30,000.00 |
| D. | Estimated attorneys' fees and expenses: | $ 55,000.00 |
| **Total:** | | **$262,555.28** |

## COUNT II

20-22. Paragraphs One through Three are hereby incorporated as Paragraphs Twenty through Twenty-Two and made part hereof as if fully set forth at length herein.

3

23. Pursuant to a charter party dated September 10, 2007 ("September 10th Charter Party") Plaintiff agreed to charter another vessel to Defendant for the transport of cargo from Xingang, China to Turkey. *See September 10th Charter Party annexed hereto as Exhibit "3."*

24. However, disputes soon arose between the parties regarding Defendant's failure to load the cargo on the vessel in breach of the September 10th Charter Party.

25. Particularly, Defendant claimed that due to a problem with the original shipper, it was unable to load the cargo on board the vessel, and the charter/shipment did not take place.

26. As a result of Defendant's failure to load the cargo in breach of the September 10th Charter Party, Plaintiff suffered damages in the approximate amount of $93,100.00, exclusive of interest, arbitration costs and attorneys fees. *See invoice annexed hereto as Exhibit "4."*

27. Clause 18 of the September 10th Charter Party provides the following: "DEADFREIGHT IS CASE OF SHOR/CANCEL SHIPMENT CAUSED BY THE CHRS REASON SHOULD BE PAID TO THE OWNERS."

28. Despite due demand, Defendant has failed to pay for the damages caused by the cancelled shipment which are due and owing to Plaintiff under the September 10th Charter Party.

29. In accordance with the September 10th Charter Party, disputes between the parties are to be submitted to arbitration in Hong Kong with English law to apply.

30. Plaintiff will commence arbitration after the commencement of this action and jurisdiction is obtained over Defendant.

31. This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

32. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---|
| A. | Principal claim – | $ 93,100.00 |
| C. | Estimated interest on claim - 3 years at 6% compounded quarterly: | $ 18,212.05 |
| C. | Estimated arbitration costs: | $ 20,000.00 |
| D. | Estimated attorneys' fees and expenses: | $ 30,000.00 |
| **Total:** | | **$161,312.05** |

## AS AND FOR BOTH COUNTS

33. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

34. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$423,867.33** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

F.      That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

G.      That in the alternative, the Court enter judgment against Defendant on the claims set forth herein.

H.      That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:      March 27, 2008
            New York, NY

                        The Plaintiff,
                        TIANJIN ZHENHUA INTERNATIONAL LOGISTICS
                        TRANS CO. LTD.

                        By: _____
                        Patrick F. Lennon
                        Nancy R. Peterson
                        LENNON, MURPHY & LENNON, LLC
                        420 Lexington Avenue, Suite 300
                        New York, NY 10170
                        (212) 490-6050 - phone
                        (212) 490-6070 – facsimile
                        pfl@lenmur.com
                        nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:    Town of Southport
County of Fairfield   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am ~~a partner~~ associate in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    March 27, 2008
          Southport, CT

                                    _____
                                    Nancy R. Peterson

8

EXHIBIT 1

Sep. 07. 18:58  P. 1

# FIXTURE NOTE

IT IS SEP. 05, 2007 THAT THE FOLLOWING PARTIES HAVE MUTUALLY AGREED TO EMPLOY FOLLOWING VESSEL TO PERFORM CARRIAGE OF FOLLOWING CARGO ON FOLLOWING TERMS AND CONDITIONS:

OWNER: TIANJIN ZHENHUA INTERNATIONAL LOGISTICS TRANS CO., LTD
CHRS: EURASIAN SUPPLY GROUP LIMITED

1. Vessel: M/V HAINA A OR SUB
   PANAMA FLAG, SDBC, 36764 DWT ON 11.084M SUMMER 37769 DWT ON 11.294M
   TROPICAL 39754 DWT ON 10.884M WINTER
   BLT 1977 CLASS IMO INO 7528857
   GRT 21910/ NRT 12341, SUEZ GRT / NRT 22727.17/19330.93
   LOA 186.00M /BEAM 25.40M/LBP 176.00 M, DEPTH MOULDED 15.60 M
   GRAIN 46830/BALE 46142 CBM
   5HO / 5HA, TPC 44.37 FULLY LADEN/SUMMER DRAFT
   GEAR: CRANES 5 X 10MT
   FULL P/I CLUB COVERED
   ABA

2. CARGO: WIRE ROD 2500TONS +/- 5% MOLCO
   (CGO DIMENSION: DIAMETER 1.2M, HIGH 1M, 2.4TONS PER PAKAGE   )
   AS PARTICULAR OWRS OPTION
   OWNR OPTION TO LOAD OTHER CGO ON TOP OF THEM SUB TO CGO SAFETY.
3. LOADPORT: 1 GSBP AAAA OWRS BERTH SHANGHAI, CHINA
4. DISPORT: 1 GSBP AAAA OWRS BERTH, DELISKELIS , TURKEY
5. LAYCAN: SEP. 25, 2007 – OCT. 05, 2007
6. FREIGHT RATE: USD82PMT ON FIOST LS/D BASIS
7. FULL FRT TO BE REMITTED AS PER OWNERS INSTRUCTIONS W/I 3(THREE) BDYS AFTER COMPLETION OF LOADING AND BEFORE SIGNING GENCON BSL MARKED "FRT PAYABLE AS PER CHARTER PARTY"
8. FULL FRT IS DEEMED EARNED AS CGO IS LDD ON BOARD NON RETURNABLE WHETHER VSL AND/OR CGO LOST OR NOT LOST.
9. IF MATE'S RECEIPTS MARKED, OWNERS AGREE TO SIGN AND RELEASE "CLEAN ON BOARD" BILLS OF LADING AGAINST CHRTS/SHIPPERS SIGNING A LETTER OF INDEMNITY IN OWNERS P&I CLUB WORDING ON CHRTS/SHIPPER LETTERHEAD
   MASTER HAS RIGHT TO REJECT HEAVILY DAMAGED CGO
10. CGO BOTH ENDS
11. DETENTION: USD4500 PDPR
   DETENTION TO BE PAID BY CHRTS LATEST W/IN 15 (FIFTEEN) DAYS AFTER RCVG SUPPORTING DOCS SUCH AS SOF AND OWS INVOICE OF DETENTION.
12. OWNER'S AGENT BENDS
13. BEFORE LOADING COMMENCES, OWNER/MASTER SHOULD MAKE THE VESSEL'S HOLD TO BE CLEANED/DRIED AND IN EVERY RESPECT READY TO LOAD THE A/M CARGO.
14. VESSEL SHALL AT ALL TIMES BE IN POSSESSION OF ALL REQUIRED CERTIFICATES, WHICH MUST BE VALID AND UP-TO-DATE AND ON BOARD THE VESSEL
15. SHORE CRANE CHARGE EFFECTED BY BREAKDOWN OF VESSEL'S GEAR, WINCHES AND/ OR MOTIVE POWER SHALL BE FOR OWNERS ACCOUNT.

1/2

17-Sep-07 13:56                                                                        P.2

16. TAXES/DUES ON CARGO TBF CHRTR'S ACCOUNT. TAXES/DUES ON VESSEL/FREIGHT/OWNERSHIP/CREW TBF OWNR'S ACCOUNT.
DUE TO 2BT WILL BE REMITTED THRU LOADPORT AGENT FREE OF CHARGE TO OWS. THERE IS NO CHINESE FRT TAX APPLICABLE
17. ANY GAP BASING ON MAX 25YEARS VSL AGE IS ON CHRS ACCOUNT
18. DEADFREIGHT IN CASE OF SHOR/CANCEL SHIPMENT CAUSED BY CHRS REASON SHOULD BE PAID TO OWNERS
19. DOCKSIDE TALLY ON CHARTERERS ACCOUNT. SHIPSIDE TALLY ON OWNERS ACCOUNT.
20. ARB IF ANY TO BE SETTLED IN HK UNDER ENG LAW
21. BIMCO ISPS CLAUSE TO BE APPLIED
22. ALL OTHER TERMS AND CONDITIONS AS PER GENCON CP 94,THE TERMS OF WHICH ARE DEEMED FULLY INCORPORATED HEREIN. THESE TERMS TO PREVAIL IN THE EVENT OF CONFLICT.
23. NOR TO BE TENDERED WWWW BY TLX/FAX/VHF/EMAIL ATDONSHINC SENDS
ENDS

FOR AND ON BEHALF OF CHTRS                                    FOR AND ON BEHALF OF OWNERS

EURASIAN SUPPLY GROUP LIMITED                                 TIANJIN ZHENHAI INTERNATIONAL
                                                              LOGISTICS AGENT CO.,LTD

For and on behalf of
EURASIAN SUPPLY GROUP LIMITED

Authorised Signatory(s)

2/2

EXHIBIT 2



# ZHENHUA LOGISTICS GROUP CO., LTD.

http://www.zh-logistics.com
No. 158 Jintang Road,
Tanggang Port, Tianjin 300451 China
Tel:86-22-25762180 Fax:86-22-25762260

## DEBIT NOTE

Page 1 of 1

| To | EURASIAN SUPPLY GROUP LIMITED | Tel | | No. | ZHTJ0712/1274 |
|---|---|---|---|---|---|
| | | Fax | | Date | 2007-12-26 |
| | | Attn | Lina | Operator | 永宗效 |
| Vessel Voyage | HATSA A  01BN | MBL | 2NSR4010 HBL | Our exp No | BCLEU7110034 |
| From | | To | | ETD/ETA | 2007-10-18 |
| Shipper | ZHANGJIAGANG SHBZH CO., LTD. | Consignee | TO THE ORDER OF ANADOLUBANK A.S. IZMIT BRANCH | Notify Party | |

| Marks and Numbers/Container No. | No. of pkgs. | Kind of Packages Description of Goods | Gross Weight | Measurement |
|---|---|---|---|---|
| DETENTION TIME 4DAYS 5HRS 60MIN DETENTION CHARGE USD 36000/Point | | | | |

Total number of Container(s) or/and Packages or Units (in word):

| Your Job No | REMARK |
|---|---|

| DESCRIPTION | | AMOUNT |
|---|---|---|
| *DETAILS | | |
| DETENTION CHARGE | 1* 148505.00 /90.0? | USD 148505 |
| | Rev Total: | USD 148505 |
| *DIFFERENCE | | USD 148505 |
| *FRIGHT SHARE ( 100.00 % ) .00 % USD 148505/0 | | USD 148505 |
| *SERVICE FEE .00 | TOTAL: | USD 148505 |

E.O.E. 
PLEASE REMIT TO THE FOLLOWING ACCOUNT
ZHENHUA LOGISTICS GROUP CO., LTD.
BANK OF CHINA TIANJIN BINHAI BRANCH
USD A/C NO: 069889060093014
RMB A/C NO: 059889060091001

For and on behalf of
ZHENHUA LOGISTICS GROUP CO., LTD

Authorized Signature

文件使用 "pdfFactory Pro" 试用版本创建 www.fineprint.com.cn

**EXHIBIT 3**

259966

07 Sep 11 17:54                                                                                     p.1

TO: LINA

# FIXTURE NOTE

IT IS SEP 10, 2007 THAT THE FOLLOWING PARTIES HAVE MUTUALLY AGREED TO EMPLOY FOLLOWING VESSEL TO PERFORM CARRIAGE OF FOLLOWING CARGO ON FOLLOWING TERMS AND CONDITIONS

OWNER: TIANJIN ZHENHUA INTERNATIONAL LOGISTICS TRANS CO.,LTD
CHRS: EURASIAN SUPPLY GROUP LIMITED

1. Vessel M/V HAINA A OR SUB
   PANAMA FLAG ,SDBC, 36764 DWT ON 11.064M ,SUMMER 37789 DWT ON 11.294M TROPICAL 35754 DWT ON 10.834M WINTER,
   BLT 1977 CLASS IMB ,IMO 7528867
   GRT 21910/ NRT 12541 ,SUEZ GRT / NRT 22727.17/19330.93
   LOA 186.00M /BEAM 28.40M/LBP 178.00 M, DEPTH MOULDED 15.60 M
   GRAIN 46930/BALE 46142 CBM
   5 HO / 5 HA ,TPC 44.37 FULLY LADEN/SUMMER DRAFT
   GEAR: CRANES 5 X 10MT
   FULL P/I CLUB COVERED
   ADA

2. CARGO: MANHOLE COVER 950tons +-5% MOLCO
- AS PARTCGO AT OWS OPTION
- OWNR OPTION TO LOAD OTHER CGO ON TOP OF THEM SUB TO CGO SAFETY.
3. LOADPORT: 1 GSPB AAAA, OWRS BERTH,XINGANG, CHINA.
4. DISPORT: 1 GSPB AAAA, OWRS BERTH, DELISKELIS , TURKEY
5. LAY/CAN. SEP 20, 2007 – SEP 30, 2007
6. FREIGHT RATE: USD98PMT ON FIOST L/S/D BASIS
7. FULL FRT TO BE REMITTED AS PER OWNERS INSTRUCTIONS W/I 3(THREE) BDYS AFTER COMPLETION OF LOADING AND BEFORE SIGNING GENCON BSL MARKED "FRT PAYABLE AS PER CHARTER PARTY"
8. FULL FRT IS DEEMED EARNED AS CGO IS LDD ON BOARD NON RETURNABLE WHETHER VSL AND/OR CGO LOST OR NOT LOST
9. IF MATE'S RECIEPTS MARKED, OWNERS AGREE TO SIGN AND RELEASE "CLEAN ON BOARD" BILLS OF LADING AGAINST CHRTS/SHIPPERS SIGNING A LETTER OF INDEMNITY IN OWNERS P&I CLUB WORDING ON CHRTS/SHIPPER LETTERHEAD
MASTER HAS RIGHT TO REJECT HEAVILY DAMAGED CGO
10. CQD BOTH ENDS
CQD IS CUSTOMARY QUICK DESPATCH AS PER CUSTOM OF THE PORT.
TO AVOID DIFFERENCES IN INTERPRETION OF CQD,
OWS APPLY THE FOLLOWING TERMS AS AMPLIFICATION OF "CQD"
-THE RATE OF LOADING CARGO IS AS PER CUSTOM OF THE PORT
-IT IS SHIPPERS/RECEIVERS RESPONSIBILITY TO ENSURE CARGO IS AVAILABLE CONSTANTLY TO BE UNDER HOOK TO BE LOADED/RECEIVED FM UNDER SHIPS HOOK.
-TERMS BEING "FREE IN" IT IS SHIPPERS RESPONSIBILITY TO PAY STEVEDORING EXPENSES/CHARGES ON CARGO.
-DETENTION ARISES FOR CHRS ACCOUNT:
A.IF CARGO IS NOT AVAILABLE OR ONLY PARTIALLY AVAILABLE TO BE LOADED
B.IF CARGO CLEARANCES A/O DOCUMENTS ARE MISSING OR LATE AND IF VESSEL IS

ep 11 17:54                                                                                                          p.2

C. IF BY VIRTUE OF ANY OF THE ABOVE VESSEL HAS TO SHIFT TO ANCHORAGE
D. IF TRUCKS ARE NOT AVAILABLE TO RECEIVE CARGO WHEN 'DIRECT DELIVERY'
DETENTION IF ANY TO BE COUNTED FROM NOR TENDERED TO GET READY OF CARGOS/DOCS/CUSTOM CLEARANCE
11. DETENTION: USD35,000 PDPR
DETENTION TO BE PAID BY CHARTS LATEST WIN 15 (FIFTEEN) DAYS AFTER RCVG SUPPORTING DOCS SUCH AS SOF AND OWS INVOICE OF DETENTION.
12. OWNER'S AGENT BENDS
13. BEFORE LOADING COMMENCES OWNER/MASTER SHOULD MAKE THE VESSEL'S HOLD TO BE CLEANED/DRIED AND IN EVERY RESPECT READY TO LOAD THE A/M CARGO.
14. VESSEL SHALL AT ALL TIMES BE IN POSSESSION OF ALL REQUIRED CERTIFICATES, WHICH MUST BE VALID AND UP-TO-DATE AND ON BOARD THE VESSEL.
15. SHIP'S CRANES CAN BE FREE USED BY CHTRS, IF VESSEL'S GEARS BREAK DOWN; SHORE CRANES TO BE ARRANGED BY CHTRS ON CHTRS' ACCOUNT.
16. TAXES/DUES ON CARGO TBF CHRTR'S ACCOUNT, TAXES/DUES ON VESSEL/FREIGHT /OWNERSHIP/CREW TBF OWNR'S ACCOUNT.
DUE TO FRT WILL BE REMITTED THRU LOADPORT AGENT FREE OF CHARGE TO OWS, THERE IS NO CHINESE FRT TAX APPLICABLE.
17. ANY OAP BASING ON MAX 25YEARS VSL AGE IS ON CHRS ACCOUNT.
18. DEADFREIGHT IN CASE OF SHOR/CANCEL SHIPMENT CAUSED BY CHRS REASON SHOULD BE PAID TO OWNERS.
19. DOCKSIDE TALLY ON CHARTERERS ACCOUNT. SHIPSIDE TALLY ON OWNERS ACCOUNT.
20. ARB IF ANY TO BE SETTLED IN HK UNDER ENG LAW
21. BIMCO ISPS CLAUSE TO BE APPLIED.
22. ALL OTHER TERMS AND CONDITIONS AS PER GENCON CP 94,THE TERMS OF WHICH ARE DEEMED FULLY INCORPORATED HEREIN. THESE TERMS TO PREVAIL IN THE EVENT OF CONFLICT.
23. NOR TO BE TENDERED WWWW BY TLX/FAX/MH/EMAIL AT DONSHING BENDS
=END=

FOR AND ON BEHALF OF CHTRS                                         FOR AND ON BEHALF OF OWNERS

EURASIAN SUPPLY GROUP LIMITED
                                                                   TIANJIN ZHENHUA INTERNATIONAL
                                                                   LOGISTICS TRANS CO. LTD

*For and on behalf of*
EURASIAN SUPPLY GROUP LIMITED

..............................
      Authorized Signature

EXHIBIT 4

**ZHENHUA LOGISTICS GROUP CO.,LTD.**

http://www.zh-logistics.com
No.159 Jingmen Road,
Xingang Port, Tianjin, 300461 China
Tel:86-22-25762189 Fax:86-22-25762268

# DEBIT NOTE

Page 1 of 1

| To: Eurasian Supply Group Limited | Tel. | | No.: | ZHTJD08021014 |
|---|---|---|---|---|
| | Fax | | Date: | 2008-02-28 |
| | Attn: MS. LINA | | Operator | 苏家欢 |
| Vessel, Voyage: HAINA A    018N | M B/L | HB/L | Our Job No | BULK07110034 |
| FROM | TO | | ETD/ETA | 2007-10-18 |
| Shipper | Consignee | | Notify Party | |

| Marks and Numbers/Container No. | No.of pkgs. | Kind of Packages;Description of Goods | Gross Weight | Measurement |
|---|---|---|---|---|
| TIME TODAYS | | | | |

Total number of Containers
or other Packages or Units
( in words )

Your Job No:                          REMARK

| DESCRIPTION | | | AMOUNT | |
|---|---|---|---|---|
| *REVENUES | | | | |
| DEADFREIGHT | 1 * 93100.00 | /NO NO | USD | 93100 |
| | | Rev Total: | USD | 93100 |
| *DIFFERENCE | | | USD | 93100 |
| *PROFIT SHARE | ( 100.00% / .00% ) USD | 93100/0 | USD | 93100 |
| *BALANCE DUE TO | | TOTAL: | USD | 93100 |

E.O.E 有錯當查

PLEASE REMIT TO THE FOLLOWING ACCOUNT
請滙盤到下列帳戶，並請附言提示發票號碼（D/N NO.）
ZHENHUA LOGISTICS GROUP CO.,LTD.
BANK OF CHINA TIANJIN BINHAI BRANCH
USD A/C NO:059889080993014
RMB A/C NO:059889080991001

For and on behalf of

ZHENHUA LOGISTICS GROUP CO.,LTD.

Authorized Signature